

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA,

v.                          CRIMINAL NO. 2:14cr132

RONALD CHISHOLM,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on the Government's Motion for a Preliminary Order of Forfeiture against Ronald Chisholm ("Defendant"). ECF No. 116.

### I. PROCEDURAL BACKGROUND

Following a jury trial held before this Court, which concluded on July 28, 2015, Defendant was convicted of: (1) Count 1, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. § 1349; (2) Counts 2–5, Mail Fraud in violation of 18 U.S.C. §§ 1341-42; and (3) Counts 6, 8, 10–21, Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. These convictions were a result of Defendant's role in a conspiracy to obtain tax refunds by filing fraudulent tax returns with stolen identities. See Second Superseding Indictment, ECF No. 75.

On August 21, 2015, the Government filed the instant Motion for Preliminary Order of Forfeiture. ECF No. 116. In accordance with Fed. R. Crim. P. 32.2(a), the Second Superseding Indictment contained a forfeiture allegation notifying Defendant that, upon conviction of one or more violations alleged in the indictment, Defendant was to forfeit "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation under 18 U.S.C. § 981(a)(1)(C)," as incorporated by 28 U.S.C. § 2461(c). ECF No. 75 at 8. In the present Motion, the Government contends that Defendant is subject to mandatory criminal forfeiture in the form

of a money judgment for $2,273,119.52. ECF No. 116.

On September 1, 2015, Defendant filed a Request for a Hearing regarding the Government's Motion. ECF No. 118. Prior to the hearing, which was held on September 28, 2015, Defendant did not file a written response to the Government's Motion. See Government's Motion to Direct Defendant to File a Response Brief Prior to Holding a Hearing. ECF No. 121. However, prior to the hearing, Defendant's counsel informed the Government that Defendant would be raising two objections to the Motion. ECF No. 122. Defendant contends (1) that any forfeiture order "include joint and several liability with related co-defendants against whom forfeiture has been imposed"; and (2) that any amount collected through forfeiture be "credited against the restitution order that will be imposed by the Court at sentencing." ECF No. 124.

At the hearing and in subsequent briefing, Defendant has maintained that he has no objections to the entry of an order of forfeiture or to the amount of forfeiture sought by the Government. ECF Nos. 121, 124 at 1. Government agreed at the hearing with Defendant's argument that a forfeiture order should include joint and several liability with related co-defendants. ECF No. 122. Government noted that while co-defendant Mark J. Jones had agreed to a plea that included a judgment of forfeiture, see 2:14cr132-2, ECF No. 55, co-defendant Tanya Evans had not. See 2:14cr174, ECF Nos. 10, 22.

The only remaining dispute with regard to the order of forfeiture is whether the amount of forfeiture actually collected by the Government should be credited against the restitution judgment that will be entered at sentencing. It is Defendant's contention that because both forfeiture and restitution will be remitted to the same entity, the United States Treasury, any amount collected through one judgment should be credited against the other. ECF No. 124 at 1. At the hearing, the Court heard argument from both parties, ECF No. 121, and ordered them to

submit further briefing on the issue. ECF No. 123. All briefs have been submitted, and this issue is now ripe for determination. ECF Nos. 124, 126–27.

## II. LEGAL PRINCIPLES

### A. FORFEITURE

Criminal forfeiture is based on a series of interlocking statutes. United States v. Blackmun, 746 F.3d 137, 143 (4th Cir. 2014). 18 U.S.C. § 981(a)(1)(C) provides for forfeiture to the United States of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Section 1956(c)(7)(A) refers to section 1961(1) for a list of "specified unlawful activity." While 18 U.S.C. § 981 governs civil forfeiture, 28 U.S.C. §2461(c) makes assets subject to forfeiture under section 981 subject to criminal forfeiture as well. Blackmun, 746 F.3d at 143–44.

Forfeiture is mandatory under the statute. United States v. Monsanto, 491 U.S. 600, 606 (1989); Blackmun, 746 F.3d at 143. It is irrelevant whether a defendant is able to pay. Blackmun, 746 F.3d at 143–44. Forfeiture is mandatory even when restitution is also ordered. Id. at 143. In justifying the imposition of both remedies, the Fourth Circuit has described the distinct purposes served by each: restitution compensates victims and forfeiture punishes wrongdoers. Id. (citing United States v. Newman, 659 F.3d 1235, 1241 (9th Cir. 2011)). Nevertheless, the Government may, in its discretion, remit forfeited assets to a victim. Id. (citing United States v. Torres, 703 F.3d 194, 204–05 (2d Cir. 2012)).

The government must prove the amount of forfeiture by a preponderance of the evidence. United States v. Martin, 662 F.3d 301, 307 (4th Cir. 2011). Fed. R. Crim. Pro. 32.2(b)(1)(B) provides that a sentencing court may base its forfeiture determination "on evidence already in the record, including any written plea agreement, and on any additional evidence or information

3

submitted by the parties and accepted by the court as relevant and reliable." The Court may order forfeiture in the form of a money judgment. Blackman, 746 F.3d at 145. If the government seeks a money judgment, rather than specific property, there is no right to a have a jury determine the amount of forfeiture. United States v. Jameel, No. 2:13cr98, 2014 WL 5317860, at *3 (E.D. Va. Oct. 16, 2014); see Fed. R. Crim. P. 32.2(b)(5) ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.")

### B. RESTITUTION

The Mandatory Victims Restitution Act ("MVRA") requires a court to issue an order of restitution against a defendant for the benefit of a victim in several circumstances, including when there is "an offense against property under [Title 18] . . . including any offense committed by fraud or deceit" and "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A-B). If the offense is a felony, an order of restitution is required "in addition to . . . any other penalty authorized by law." Id. § 3663A(a)(1). A court must "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Id. § 3664(f)(1)(A). In determining the amount of restitution to award, a court cannot consider "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source." Id. § 3664(f)(1)(B). However, the amount of restitution "shall be reduced by any amount later recovered as compensatory damages for the same loss" in a Federal or State civil proceeding. Id. § 3664(j)(2).

The MVRA defines a victim as a "person directly or proximately harmed" by an offense. Id. § 3663A(a)(2). The Fourth Circuit has upheld a restitution order for the benefit of the federal government. United States v. Newsome, 322 F.3d 328, 340–42 (4th Cir. 2003); see also United

4

States v. Mei Juan Zhang, 789 F.3d 214, 216–17 (1st Cir. 2015) (holding that the government may be a victim under MVRA).

### III. ANALYSIS

Defendant argues that allowing the Government to collect the same sum as both forfeiture and restitution would be to permit an inequitable double recovery. ECF No. 124 at 5. Defendant requests that this Court reduce any restitution judgment by the amount of money actually collected through forfeiture. Id. at 1. In response, the Government argues that there should be no offset because (1) the money collected through forfeiture and restitution go to different agencies so there is no double recovery; (2) even assuming that in this case the money collected through forfeiture and restitution go to the United States Treasury, the money collected through forfeiture is subject to the control of the Attorney General while that collected through restitution is not; (3) the statutes make both forfeiture and restitution mandatory and do not provide for an offset; and (4) there is no injustice because restitution and forfeiture serve different purposes. See ECF No. 126. The Government also notes that every Circuit to decide this issue has held that the Court lacks the authority to grant an offset. See id. at 7–9 (citing Mei Juan Zhang, 789 F.3d at 217–18; United States v. Joseph, 743 F.3d 1350, 1356 (11th Cir. 2014); United States v. Davis, 706 F.3d 1081, 1082 (9th Cir. 2013)). Although the Court is unpersuaded by several of the Government's arguments and agrees with Defendant that it is unjust to allow the Government to twice collect the same loss—once as a penalty, twice as restitution—the Court is bound by the language of the statutes governing restitution and forfeiture. These statutes do not give this Court the authority to offset the amount collected in forfeiture against a restitution judgment. The Court must follow the law, and the law need not be fair.

At the outset the Court notes it must order both restitution and forfeiture against Defendant. Forfeiture is required by 18 U.S.C. § 981(a)(1)(c) as incorporated by 28 U.S.C. §

5

2461(c). Section 981(a)(1)(C) provides for forfeiture of "proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Section 1956(c)(7)(A) refers to 18 U.S.C. § 1961(1) for a list of "specified unlawful activit[ies]." Within this list is section 1341 of Title 18, under which Defendant was convicted. Restitution is required by 18 U.S.C. § 3663A(c)(1): Defendant has committed "an offense against property under [Title 18]," and the United States Government has suffered an identifiable loss to its Treasury. Because Defendant has been convicted of a felony, the Court must order restitution "in addition to . . . any other penalty authorized by law." Id. § 3663A(a)(1).

It is also well established that when the beneficiary of a restitution order is not the United States Treasury, the Court must order both restitution and forfeiture for the full amount of the loss. Blackmun, 746 F.3d at 143; United States v. Alalade, 204 F.3d 536, 540 (4th Cir. 2000). Because the remedies "serve distinct purposes"—restitution compensates the victim, and forfeiture punishes the wrongdoer—there is no inconsistency or double recovery when both are imposed. Blackmun, 746 F.3d at 143.

This case is different, Defendant argues, because when the Government collects ill-gotten gains through forfeiture, it also enriches the Treasury. As a result, the Government has not only punished Defendant, it has also been fully compensated for its loss. To allow the Government to take the same amount of money as restitution is to allow the Government to twice collect the same loss. Put another way, it does not matter that the purpose of the forfeiture was to punish; the effect of the forfeiture was both to punish and to compensate. Any additional compensation would be inequitable. See ECF No. 124.

To get around the compelling, common-sense logic of Defendant's position, the

6

Government relies on the complexities of the modern administrative state. The Government seeks to distinguish between the Attorney General, who controls the disposition of forfeited funds, and the Internal Revenue Service ("IRS"), the supposed victim in this case. ECF No. 126 at 3–4 (citing Joseph, 743 F.3d at 1356; Mei Juan Zhang, 789 F.3d at 217). However, the victim in this case is not the IRS. Although, the IRS distributed the funds, the funds came from the Treasury and not from the IRS's operating budget. Funds collected through forfeiture are also paid into the Treasury and placed in the Asset Forfeiture Fund. 28 U.S.C. § 524(c)(1). Consequently, the same entity that lost the money through Defendant's crimes receives the forfeited funds. Contrary to the Government's assertions, it is of no consequence that the Attorney General controls the Asset Forfeiture Fund and may utilize the fund in a variety of ways. See id. Once the Government collects money through forfeiture, the victim, the Treasury, has been restored to the position it would have been if not for the actions of Defendant. The intricacies of appropriations—what the Government does with its money—do not affect the underlying equities. The Government recovers twice for the same loss when it collects the same amount as both forfeiture and restitution.

Nevertheless, this double recovery is required by the statutes governing forfeiture and restitution. The statutes governing criminal forfeiture require that this Court order forfeiture of all criminal proceeds. Blackman, 746 F.3d at 143. There is no provision for an offset if the same amount is collected as restitution. Davis, 706 F.3d at 1084. Likewise, the MVRA requires that this Court order restitution for the "full amount of each victim's losses." 18 U.S.C. § 3664 (f)(1)(A). The Court cannot consider "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source." Id. § 3664(f)(1)(B). The amount of restitution may only be reduced by the "amount later recovered as

compensatory damages for the same loss." Id. § 3664(j)(2)(A-B). However, ill-gotten gains collected as forfeiture are not compensatory damages. See Blackman, 746 F.3d at 143. There is no provision in the restitution statutes that allows this Court to reduce a restitution order by the amount collected by the Government through forfeiture. Davis, 706 F.3d at 1084.

The closest that Defendant comes to finding support for the offset it seeks is a case from the Eighth Circuit that held that a restitution order must be reduced by the amount remitted to a victim by the Government from the funds the Government has collected as forfeiture. United States v. Ruff, 420 F.3d 772, 775 (8th Cir. 2005). The Government may, at the discretion of the Attorney General, remit forfeited funds to the victim of an offense that gave rise to the forfeiture. Blackman, 746 F.3d at 143 (citing Torres, 703 F.3d at 204–05); see also 28 C.F.R. § 9.8. The Eighth Circuit held that in order to prevent double recovery a district court must reduce a restitution order by the amount remitted to a victim. Ruff, 420 F.3d at 775 (citing United States v. Smith, 297 F.Supp.2d 69, 73 (D.D.C. 2003)). However, as the Eighth Circuit itself recognized, it is doubtful that the money collected through forfeiture and remitted to a victim qualifies as "compensatory damages" under 18 U.S.C. § 3664(j)(2). Id. Furthermore, the restitution statutes are explicit that a court cannot consider "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance *or any other source*" in deciding the amount of restitution to award. Id. § 3664(f)(1)(B) (emphasis added). If ill-gotten gains remitted to a victim are not compensatory damages, there appears to be no statutory support for the decision of the Eighth Circuit.

The Fourth Circuit has not addressed "the effect upon the district court's calculation of the full amount of a victim's loss under the MVRA when the victim receives property or cash from the Department of Justice through its remittance program." Alalade, 204 F.3d at 541 n.5.

Because there has been not a remittance in this case, this Court must also decline to address the issue. Although any funds forfeited by Defendant in this case will have the effect of restoring the loss suffered by the Government, forfeited funds are not compensatory damages. Accordingly, this Court has no authority to reduce the amount of restitution owed by Defendant.

As both the Government and Defendant recognize, this is an open issue in the Fourth Circuit. Defendant may wish to appeal. The ends of justice support the relief he seeks.

### IV. PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on July 28, 2015, Ronald Chisholm was found guilty of Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349, Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2; and Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2;

AND WHEREAS, the Court's authority to enter an order of forfeiture is founded upon 18 U.S.C. ' 981(a)(1)(C) by 28 U.S.C. 2461(c);

AND WHEREAS, on August 21, 2015, the United States filed a Motion for Preliminary Order of Forfeiture requesting the forfeiture of a $2,273,119.52 monetary judgment;

AND WHEREAS, upon consideration of the evidence at trial and the arguments made by both the government and counsel for the defendant, the Court finds the government has met its burden to prove that the amount of proceeds obtained by the defendant to be $2,273,119.52. The Court finds $2,273,119.52 to be the amount of proceeds obtained by the defendant as a result of the offenses of conviction in Counts 1 through 5;

AND WHEREAS the Court finds forfeiture of the following property is appropriate:

**A sum of money in the amount of $2,273,119.52, which represents the proceeds of the offenses of conviction in Counts 1 through 5 of the Second Superseding Indictment and which sum shall constitute a monetary judgment against the defendant in favor of the United States. Liability on the monetary judgment shall be joint and several with any co-defendants against whom a forfeiture monetary judgment is placed based on the same facts and circumstances.**

## NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §981(a)(1)(C) by 28 U.S.C. § 2461(c):

   **A sum of money in the amount of $2,273,119.52, which represents the proceeds of the offenses of conviction in Counts 1 through 5 of the Second Superseding Indictment and which sum shall constitute a monetary judgment against the defendant in favor of the United States. Liability on the monetary judgment shall be joint and several with any co-defendants against whom a forfeiture monetary judgment is placed based on the same facts and circumstances.**

2. A money judgment in the amount of **$2,273,119.52** shall be included in the sentence of the defendant, and the United States may take steps to collect said judgment from any assets of the defendant by all available means provided for by law.

3. As this Order provides only for a money judgment, rather than the forfeiture of specific property, pursuant to Fed. R. Crim. P. 32.2(c)(1) no ancillary proceeding shall follow the entry of this Order and this Order shall be the final order with respect to the money judgment. Upon the subsequent seizure of any property to satisfy all or part of the judgment, the United States shall comply with the notice and publication provisions of Fed. R. Crim. P. 32.2(b)(6).

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admissions, and the issuance of subpoenas, pursuant to Federal Rule of Civil Procedure 45, to identify, locate, or dispose of forfeitable property.

5. Pursuant to Rule 32.2(b)(4)(B), this order of forfeiture shall be included in the Judgment imposed in this case.

/s/
Robert G. Doumar
Senior United States District Judge

―――――――――――――――――――
UNITED STATES DISTRICT JUDGE

Norfolk, VA
October 28, 2015